## 9045

### McCRAW v. KILLIAN.

(84 S. E. 868.)

ISSUES. LANDLORD AND TENANT. DISTRESS. CLAIM AND DELIVERY.

1. LANDLORD AND TENANT—DISTRESS—RETAKING.—While one cannot break into a house to make distress, property may be distrained for rent when possession can be peaceably acquired, and, when so acquired, the tenant should not forceably retake the property.

2. Issues—Questions for Jury.—Where the defendant moves for a non-suit, and the plaintiff for the direction of a verdict in his favor, and there are questions of fact raised by the evidence they should be submitted to the jury, and both motions refused.

3. Replevin—Actions—Jury Question.—In a suit to recover goods which plaintiff asserted he was entitled to by virtue of a distress, the question whether the distress warrant was properly served *held* for the jury.

Before SHIPP, J., Gaffney, Summer term, 1914. Reversed.

Action by T. G. McCraw against H. A. Killian. From order of nonsuit and refusal to direct a verdict for plaintiff, he appeals. The facts are stated in the opinion.

*Messrs. Butler & Hall,* for appellant, cite: *As to form of distress warrant and manner of'levy:* 26 S. C. 331; Chev. L. 249; 3 Strob. 27; 46 N. J. L. 363; 105 Pa. St. 187; 9 Enc. L. 650 and 652, 656; 24 Cyc. 1293 (8). *Cases distinguished:* 81 S. C. 214.

*Mr. G. W. Speer,* for respondent, cites: 26 S. C. 331; 2 S. E. 612; 20 S. E. 193.

March 31, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.·

This was an action for claim and delivery by plaintiff against the defendant for certain shop tools of the alleged value of $100. Plaintiff alleges he was in lawful possession of the same and entitled to possession of the same by reason that under a distress for rent levied on the property, for arrears of rent alleged to be due him as landlord by H. A. Killian and C. E. Edwards. He alleges that without his knowledge or consent the defendant wrongfully, unlawfully and wilfully broke open the house and shop after he

had levied on the property for rent and was in possession of the same under lock and unlawfully carried away and detains the same. Defendant by answer puts in a general denial, and alleges he was in peaceful possession of the property by reason of a chattel mortgage executed to him by C. E. Edwards and that Edwards had delivered the property to him after condition broken to sell and apply proceeds of sale to extinguishment of this mortgage, and plaintiff knew these facts, and property was advertised for sale, but plaintiff in a high-handed way through his agent entered the premises and locked up the house with contents.

The case came on for trial before Judge Shipp and a jury and at the close of all the testimony defendant moved for a *nonsuit* and plaintiff moved for a direction of verdict in his favor. Judge Shipp refused to direct a verdict for plaintiff, but granted defendant's motion for a *nonsuit* on the ground that there had been no legal levy. From this plaintiff appeals and alleges error on the part of his Honor in granting a *nonsuit* and in *not* directing a verdict for plaintiff as moved for. The defendant also served notice that he would ask the Court to sustain the order of *nonsuit* on the additional grounds relied on in motion made in the Circuit Court.

We think that his Honor was in error in granting the *nonsuit,* as there was some testimony to go to the jury as to whether or not the distress warrant had been levied and whether or not the plaintiff was in peaceable possession of the property taken by the defendant. The testimony shows the plaintiff rented to Killian, and that Killian rerented or sublet to Edwards, Edwards got in possession of the house or shop not by any contract that he made with the plaintiff, but through Killian, who had rented from McCraw. There was some rent due and when McCraw's agent went to distrain he found Edwards in constructive possession, having gotten this possession through

some arrangement he had made with Killian, the tenant of McCraw, and not with McCraw, the landlord. It was not a dwelling house, but a shop and no more than a corn crib, forage house, cotton house, or seed house, and he gave McCraw's agent a list of the contents of the house and an inventory was made of the same. Thereupon he put another lock on the house. If he had levied on the contents of a crib or forage house he would probably have done the same. There is no evidence but that McCraw's agent was peaceable, courteous and polite. He broke no locks to get in the house, was not rude or oppressive. Edwards testifies that Phillips (the agent of McCraw) told him that he was going to lock the shop and got a list from him of what was in there and wrote out a distress warrant and served it. He also served a copy of the distress warrant on Mrs. Killian, Killian being absent, and while, of course, it is the law that possession of property under distress must be obtained peaceably, and that one cannot break into a house to make distress, yet, in this case it is a question for the jury, and they should have been allowed to determine whether possession of this property was obtained by plaintiff's agent peaceably or not. There is no doubt but that the plaintiff owned the lot and house. There was evidence that the man he rented to no longer occupied the premises, there was some evidence by which the jury might infer that both Killian and Edwards had ceased to occupy it. Mrs. Killian had the key, the inventory was obtained from Edwards, Killian's tenant, and Killian was McCraw's tenant and had sublet to Edwards. It was for the jury to say under all the facts and circumstances whether the seizure was complete, peaceable and effective, or whether it was unlawful and wrongful. If it was effective, then the defendant, Killian, was wrong in repossessing himself of the goods without doing it in a lawful manner by suit. For this reason we think the order of *nonsuit* should be set aside,

as there was sufficient evidence for a jury to deter-
2, 3   mine whether a legal distress warrant was shown;
and we see no error in his holding that there was
evidence of tenancy and arrears of rent sufficient to go to
the jury, and in refusing to direct a verdict in favor of
plaintiff.

Judgment reversed.